# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-50520
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANASTACIO DE LA CRUZ-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-332-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Anastacio De La Cruz-Diaz (De La Cruz) appeals the 41-month sentence imposed by the district court following his guilty plea to illegally reentering the United States after deportation. He argues that the sentence was substantively unreasonable.

The substantive reasonableness of a sentence is reviewed under an abuse of discretion standard. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert denied*, 129 S. Ct. 328 (2008). Although he argues that the presumption of reasonableness should not apply to his illegal reentry offense because of the problematic nature of the corresponding offense levels, De La Cruz acknowledges that this court has rejected his argument in *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

The record indicates that the district court was aware of De La Cruz's arguments for a below-Guideline sentence based on his particular circumstances. Further, the district court was not precluded from deviating from the guidelines range based on a conclusion that the enhancement of his offense level and the increase in his criminal history resulted in an excessive sentence. *See Campos-Maldonado*, 531 F.3d at 339. De La Cruz's argument of an alleged fast track disparity is foreclosed by this court's precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). De La Cruz acknowledges such, but raises the argument to preserve it for possible further review in the Supreme Court.

De La Cruz has not rebutted the presumption of reasonableness that is afforded his sentence. Accordingly, the sentence is AFFIRMED.